IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamarv Paremore Hammond, #112950, *a/k/a Jamarv P. Hammond, #265009*<br><br>Plaintiff,<br><br>vs.<br><br>Charles W. Cochran,<br><br>Defendant. | C/A No. 2:20-cv-3916-JFA-TER<br><br>**ORDER** |

## I.    INTRODUCTION

The *pro se* plaintiff, Jamarv Paremore Hammond, proceeding in forma pauperis, brings this civil rights action pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the complaint and issuing multiple proper form orders, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 29). Within the Report, the Magistrate Judge opines that this court should dismiss the complaint with prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Report sets forth, in detail, the relevant facts

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on February 25, 2021. *Id.* Plaintiff filed objections to the Report on March 17, 2021. (ECF No. 32). Thus, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6

2

(D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## III. DISCUSSION

Within the Report, the Magistrate Judge interpreted Plaintiff's complaint to allege that his prior federal public defender violated his constitutional rights and Plaintiff has therefore asserted a so-called *Bivens* action. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), "established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18 (1980). Ultimately, the Magistrate Judge recommended dismissal because an "attorney, whether retained, court appointed, or a public defender does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42. U.S.C. § 1983 or *Bivens*." (ECF No. 29, p. 4).

Plaintiff's objections appear to take issue with the Magistrate Judge's repeated proper form orders directing Plaintiff to cure deficiencies in his complaint while also repeatedly denying his request for an attorney to aid in this "complex legal issue." A review of the record indicates that the Magistrate Judge correctly denied Plaintiff's request for counsel. Additionally, a review of the proper form orders show that the Magistrate Judge attempted to inform Plaintiff of the deficiencies in his pleadings— namely that his pleadings failed to state a claim upon which relief can be granted because defense attorneys are not amenable to suit under §1983 or *Bivens*.

Plaintiff states in his objections that this holding is confusing as it conflicts with the Magistrate Judge's order directing him to file an amended complaint. To clarify, the proper form orders indicate that Plaintiff cannot pursue a claim against his former defense counsel

pursuant to *Bivens* or § 1983. Thus, the Magistrate Judge mandated that Plaintiff amend his complaint to assert a separate viable cause of action should one exist. However, Plaintiff failed to timely assert such a claim in any of his amendments or later filings[3]. As the Magistrate Judge stated, "[s]uch amendment may have been futile from the beginning; however, out of an abundance of caution, Plaintiff was given an opportunity to amend his Complaint." (ECF No. 29, p. 4). Furthermore, within the objections, Plaintiff fails to offer any argument or support as to why his prior defense counsel would be amenable to suit pursuant to *Bivens* or § 1983. Accordingly, Plaintiff's objections must be overruled.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 29). Thus, Plaintiff's claims are summarily dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 22, 2021                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge

---

[3] The Court would note that Plaintiff filed an Amended Complaint on March 22, 2021. (ECF No. 34). However, because this complaint was filed after the time allotted in the proper form orders and after the Report had issued, the Court will not consider it. Even if the Court were to consider the claims asserted in this most recent amended complaint, the result would be the same as it fails to assert claims over which this court has jurisdiction.